**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Irons            }
}
}       Docket No. 94-6-04 Vtec
}
}

Decision and Order on Pending Motions

Appellants Paul and Margaret Irons appealed from a decision of the Development Review Board (DRB) of the City of Barre, granting conditional use approval to the City for the construction of a new public safety building. Appellants are represented by Paul S. Gillies, Esq.; Appellee-Applicant City of Barre is represented by Oliver L. Twombly, Esq.; and the Thomas J. Mowatt Revocable Trust is represented by Douglas R. Marden, Esq. Interested person William A. Giblin has entered his appearance but has not filed any memoranda relating to the pending motions. Appellants and the City have briefed motions relating to whether the City may proceed with construction while this appeal is pending.

Before we address the motions, we must note that the parties will each have to determine what would be the most prudent course to take while this appeal is pending, regardless of the outcome of the legal issue addressed by these motions. That is, regardless of whether the City has a "permit" that is "in effect" while the appeal is pending, the parties should remain aware that if the City decides to proceed with construction during the appeal, it proceeds at its own risk that changes to the project could result from the de novo proceedings on appeal.

In the appeal, the Court must take evidence on and determine whether the proposed project has any adverse effect on the conditional use criteria of the City's zoning ordinance, particularly those regarding parking and traffic circulation in the surrounding streets for the neighboring residences, businesses and other uses. The City, as the applicant, has the burden of proving that the project meets those criteria raised as issues in the appeal.

Ordinarily, parties to an appeal request a schedule leading up to the hearing on the merits of the appeal that allows sufficient time for the parties to develop the evidence they will wish to present at that hearing and to examine the other parties' evidence. In the present case, the City requested an expedited appeal date and the Court scheduled the hearing to begin on July 12, 2004, and to continue on July 13, 2004 if necessary. Appellants did not object to this expedited scheduling, as long as the discovery process for production of information and documents can occur within the time frame before the hearing. If the parties now wish to consider any different schedule, please be prepared to discuss it at the conference to be held on July 6 (see final paragraph).

Appellants have also moved for a site visit in advance of the hearing. The motion for a site visit is granted; however, the site visit will be held at the conclusion of the first day of hearing, rather than in advance of the hearing, to maximize the amount of courtroom time available for the hearing if needed.

The changes to 24 V.S.A. former § 4443(a)(3), codified as new § 4449(a)(3), went into effect on July 1, 2004. The parties have briefed their arguments regarding whether what they characterize as the City's conditional use "permit" to build its new public safety building took effect or not during the pendency of this appeal. Both parties" arguments seem to assume that the DRB

decision on appeal had granted the City a "permit" under § 4449(a)(1) or its predecessor § 4443(a)(1).

However, it is the permit for a project issued by the zoning administrator (administrative officer) that is addressed under § 4449(a)(1), and not any other approvals that may be prerequisites to the administrative officer's issuance of the permit, such as conditional use approvals or site plan approvals or variances or subdivision permits issued by the DRB. The provisions in § 4449(a)(3) regarding the permit's taking effect only apply by their terms to permits issued pursuant to § 4449(a)(1), that is, to the final permit issued by the administrative officer.

The parties have not provided the Court with the decision appealed from, or the permit application form. If any permit was issued by the administrative officer in the present case, no party has brought such a permit to the attention of the Court. All that appears to be on appeal is the DRB's grant of conditional use approval for the project, which is not by its terms covered by § 4449.

Thus, while the new 24 V.S.A. § 4449 took effect July 1, 2004, and is applicable to pending appeals as a solely procedural change, it does not appear to affect this particular appeal. (Additional guidance regarding the operation of this section is anticipated to be found in the Vermont Supreme Court emergency rule amendment to be issued shortly, covering applications for stay affected by this section and other unrelated changes to the notice-of-appeal procedures (also effective July 1, 2004), and the related Reporter's Notes to that rule amendment.)

Because of the short time frame before the scheduled hearing, we will be calling the parties in the early morning of July 6, 2004 to try to schedule a brief telephone conference in the late morning of July 6. This decision is being faxed to the attorneys as a courtesy on July 4, 2004, but will be dated as effective after the holiday weekend on July 6, 2004.

Done at Barre, Vermont, this 6th day of July, 2004.


_____


Merideth Wright

Environmental Judge